Ms. Laura Lasiter, Personnel Director City of North Little Rock 120 Main, P.O. Box 5757 North Little Rock, AR 72119-5757
Dear Ms. Lasiter:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the City of North Little Rock has received a request for the final scores and rankings for the North Little Rock Police Department lieutenants who tested for the rank of Captain in April of 2002. You have determined that these scores should not be released, with or without the names of the individuals who received the scores. You have based this determination on the fact that the release of the scores, even without the names, would enable the public to determine, on the basis of the published ranked eligibility list, which individuals received the particular scores.
I am directed by law to issue an opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B)(i).
RESPONSE
It is my opinion that your determination is consistent with the FOIA. The scores should not be released.
Records reflecting test scores, in my opinion, constitute "personnel records," within the meaning of the FOIA. "Personnel records are exempt from disclosure under the FOIA to the extent that their release would constitute a clearly unwarranted invasion of the personal privacy of the individuals to whom they pertain. A.C.A. § 25-19-105(b)(12).
The Attorney General has consistently taken the position that individuals' specific test scores are exempt from disclosure under this provision of the FOIA, in circumstances where the candidates' identities would be known, but that where the candidates' identities would not be known, the records reflecting this information should be released. See,e.g., Ops. Att'y Gen. Nos. 2000-258; 2000-217; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054; and other opinions cited therein. This position is based on the Arkansas Supreme Court's holding in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In that case, the Arkansas Supreme Court held that it was appropriate not to release records reflecting specific employees' performance on assessment examinations, because the information contained in these records could subject the employees to embarrassment and possibly threaten their future employment, thus resulting in a clearly unwarranted invasion of the employees' personal privacy, in violation of the FOIA. Although Young
involved a request for records in which the employees' identities would be reflected, the same reasoning applies, in my opinion, to the release of information from which the employees' identities could be ascertained. See Op. Att'y Gen. No. 2000-119.
My predecessor further expounded on the reasoning underlying this exemption from disclosure, as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties[.] Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Op. Att'y Gen. No. 97-033 at 4.
In the situation that has given rise to your question, it is clear that even if the scores were released without the individuals' names, the ranked eligibility list that will be certified and published by the Civil Service Commission will make it possible for the public to determine which individuals received the particular scores. The release of this information would, in my opinion, constitute a clearly unwarranted invasion of these individuals' personal privacy.
Accordingly, I conclude that your determination that the requested test scores should not be released is correct.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General